**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AIDA PEREZ HERRERA, | No. 14-73221 |
| Petitioner, | Agency No. A201-280-430 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Respondent's unopposed motion to supplement the record is granted.

Aida Perez Herrera, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's ("IJ") order denying her application for withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

removal.   We have jurisdiction under 8 U.S.C. § 1252.   We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and de novo due process contentions, *Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000).   We deny the petition for review.

Substantial evidence supports the agency's dispositive conclusion that Perez Herrera failed to establish the government of Mexico was or would be unwilling or unable to control her alleged persecutor.   *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (considering country reports and petitioner's specific case in determining petitioner failed to establish the government was unable or unwilling to control persecutors); *see also Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (record did not compel finding government unwilling or unable to control private persecutors where police took reports and investigated complaints, though unable to solve crimes).   We reject Perez Herrera's contention that the agency failed to consider all the evidence. Thus, Perez Herrera's claim for withholding of removal fails.

Finally, we reject Perez Herrera's due process claim because she failed to establish the IJ's time limitation on closing arguments prejudiced her case.   *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (explaining that a petitioner must

show prejudice to establish a due process violation).

The 90-day stay of proceedings granted October 6, 2015, has expired.

Respondent's motion to lift the stay is denied as moot.

**PETITION FOR REVIEW DENIED.**

14-73221